F I L E D
CLERK OF COURT

2026 JUL 29 PM 1: 50

SUPERIOR COURT
OF GUAM

# IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

    vs.

**ROY-RICHARD BARCINAS CHARGUALAF**
DOB: 08/28/2003

    Defendant.

CRIMINAL CASE NO. **CM0371-25**
GPD REPORT NO. 25-25591

DECISION AND ORDER
RE. PEOPLE'S MOTION TO
DISMISS WITHOUT PREJUDICE

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon on December 15, 2025 for a continued Pre-Trial Conference. Present at the hearing for the People of Guam ("the People") was Assistant Attorney General Valeria A. Nuesa. Also present were the Defendant, Richard-Roy Barcinas Chargualaf ("Defendant") and counsel Assistant Public Defender William Bischoff. At the hearing, the People orally moved the Court to dismiss the matter without prejudice, and the Defendant objected. *Pre-Trial Conference Hr'g Mins. of 12/15/2025* at 10:57:31 to 10:58:38 AM (Dec. 15, 2025). The Court granted the People's oral Motion to Dismiss but retained jurisdiction over the issue of prejudice. *Id.* at 10:58:48 AM to 10:59:05 AM. A scheduling order was subsequently issued, *see Briefing Scheduling Order* (Dec. 29, 2025), and both parties timely submitted their filings. Upon review of the filings, the Court determined that oral argument was

not necessary and, on March 31, 2026, took the matter under advisement pursuant to CVR 7.1(e)(6)(E) of the LOCAL RULES OF THE SUPERIOR COURT OF GUAM.

After reviewing the party's filings and the applicable statutory and case law, the Court now issues the following Decision and Order **GRANTING** the People's Motion to Dismiss Without Prejudice.

## PROCEDURAL AND FACTUAL BACKGROUND

The factual allegations in this case involve a two-car collision that took place in the early morning of October 10, 2025. *Magis. Compl., Aff. Prob. Cause* (Oct. 11, 2025). Guam Police Department ("GPD") Officers arrived on scene and spoke to the Defendant, the driver of one of the vehicles. *Id.* The Defendant stated that he observed a vehicle driving toward him without headlights and subsequently collided with it. *Id.* The driver of the second vehicle was being treated by Guam Fire Department Medics. *Id.* As GPD Officers spoke to the Defendant, they noticed a strong odor of intoxicating beverage emitting from his breath. *Id.* The Defendant denied drinking. *Id.* Officers then conducted a visual inspection of the Defendant's vehicle and observed an open red Budweiser beer can positioned in the driver's side door cup holder. *Id.* When asked about the open container, the Defendant allegedly did not provide a direct answer and began discussing having been at the pier earlier and walking his dog. *Id.*

The Defendant was later arrested, and on October 11, 2025, he was charged with Driving While Impaired (As a Misdemeanor). *Magis. Compl.* (Oct. 11, 2025). He asserted his statutory right to a speedy trial under 8 G.C.A. § 80.60 on November 12, 2025. *Assertion or Waiver of Speedy Trial Rights & Request for Jury of Twelve in Felony Case* (Nov. 12, 2025). The Defendant was released after the Magistrate's Hearing and remained released throughout this case. *Order of*

*Conditional Release & Appearance of Bond* (Oct. 11, 2025); *Second Am. Asserted Crim. Trial Scheduling Order* (Nov. 14, 2025).

Trial was scheduled for December 18, 2025, but the People moved to dismiss the charges without prejudice at the continued Pre-Trial Conference on December 15, 2025. *Pre-Trial Conference Hr'g Mins. of 12/15/2025* at 10:57:31 AM to 10:58:11 AM (Dec. 15, 2025). At the hearing, the People stated that dismissal was warranted because further investigation was necessary and because the case had recently been assigned to a new prosecutor. *Id.* The Defendant objected and requested dismissal with prejudice because he had asserted his right to a speedy trial. *Id.* at 10:58:11 AM to 10:58:38 AM. The Court granted dismissal but retained jurisdiction over whether dismissal would be with or without prejudice. On December 19, 2025, four days after the Court dismissed the charges in this case, the Defendant was indicted on similar charges in Criminal Case CF0926-25, also before this Court. The Indictment charges the Defendant with Vehicular Negligence with Injuries (As a Third Degree Felony), Driving While Impaired (As a Misdemeanor), and Reckless Driving While Impaired (As a Misdemeanor). *See Indictment, People v. Chargualaf,* CF0926-25 (Dec. 19, 2025).

The People argue that dismissal should be without prejudice because the case required further investigation, there was no bad faith on the part of the prosecution, the Defendant's speedy trial rights were not violated, and the extended investigation was the result of conduct caused by the Defendant. *See* People's Submission Re: Dismissal Without Prejudice ("People's Submission") at 3 (Jan. 9, 2026). Specifically, the People represent that additional investigation after the filing of the Magistrate's Complaint revealed "the involvement of a victim who sustained severe, permanent injuries as a result of Defendant's actions." People's Submission at 3. The People further represent that, when the Magistrate's Complaint was filed, GPD officers had not

been able to interview the victim because she was being treated by ambulance personnel and later transported to Guam Regional Medical City based on the severity of her condition. *Id.* Finally, the People argue that the need for further investigation into the victim's injuries distinguishes this case from *People v. Gutierrez*, 2005 Guam 19, where the Guam Supreme Court found bad faith on the part of the People for requesting dismissal due to limited resources. *Id.*

The Defendant argues that dismissal should be with prejudice. *See* Def.'s Submission Re: Dismissal With or Without Prejudice ("Def.'s Sub.") (Jan. 23, 2026). He relies on *Gutierrez* and argues that, as in that case, the People dismissed one prosecution after the Defendant asserted his right to speedy trial, then filed new charges arising from the same incident. *Id.* at 1–2. The Defendant further argues that the People were not candid at the December 15, 2025 pretrial conference because they stated that the reason for dismissal was lack of an available prosecutor, then later asserted that further investigation was necessary. *Id.* at 2–3.

The Defendant also disputes the significance of the alleged victim's injuries. He argues that the People knew the alleged victim was injured because she was taken from the scene by ambulance, that the extent of her injuries is not relevant to whether the Defendant drove while impaired or negligently caused the collision, and that the People knew or later learned information suggesting the alleged victim caused the collision. *Id.* at 3–4. The Defendant therefore argues that the People sought dismissal to "buy time" to obtain and present unfairly prejudicial evidence and that the dismissal should be with prejudice. *Id.* at 4.

## DISCUSSION

Guam law sets forth the procedure by which a prosecutor may seek dismissal of an indictment:

The prosecuting attorney may with leave of court file a dismissal of an indictment, information or complaint and the prosecution shall thereupon

terminate. Such a dismissal may not be filed during the trial without the consent of the defendant. The prosecuting attorney shall file a statement of his reasons for seeking dismissal when he applies for leave to file a dismissal and where leave is granted the court's order shall set forth the reasons for granting such leave.

8 G.C.A. § 80.70(a). Section 80.70(a) does not distinguish between dismissal with prejudice and dismissal without prejudice. As with Federal Rule of Criminal Procedure 48(a), the principal object of the "leave of court" requirement is to protect a defendant from prosecutorial harassment, such as charging, dismissing, and recharging. *Gutierrez*, 2005 Guam 19 ¶ 48–49; *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977).

In considering a prosecutor's motion to dismiss under § 80.70(a), the Guam Supreme Court has explained that "the prosecutor is recognized as having a presumption of good faith in bringing the motion . . . and the motion should generally be granted as a matter of course." *People v. Gutierrez*, 2005 Guam 19 ¶¶ 51–52. The presumption is not absolute and may be rebutted by a showing that the prosecution lacked good faith. *Id.* ¶ 53. The key factor in determining prosecutorial harassment "is the propriety or impropriety of the Government's effort to terminate the prosecution—the good faith or lack of good faith of the Government in moving to dismiss." *United States v. Salinas*, 693 F.2d 348, 351 (5th Cir. 1982); *see also Gutierrez*, 2005 Guam 19 ¶ 54. Even when bad faith is shown, § 80.70(a) generally authorizes the trial court only to grant or deny the prosecutor's motion; it does not authorize a trial court to *sua sponte* dismiss an indictment with prejudice. *Gutierrez*, 2005 Guam 19 ¶¶ 69, 74–75.

When deciding whether dismissal should be with or without prejudice, trial courts consider three factors: "(1) the seriousness of the offense; (2) the facts and circumstances of the case which led to the dismissal; and (3) the impact of a reprosecution on the administration of justice." *Guam v. Aromin*, 2014 Guam 3 ¶ 21. The second factor includes, but is not limited to,

the facts and circumstances surrounding the length of delay, government conduct, and actual prejudice suffered by the defendant. *Id.*

### A. The offense charged is a misdemeanor, but the factual allegations heighten its severity.

The court first considers the seriousness of the offense. *Aromin*, 2014 Guam 3 ¶ 21. The more serious the offense, the more weight should be given to dismissal without prejudice. *Id.* ¶ 23 (citing *United States v. Clymer*, 25 F.3d 824, 831 (9th Cir. 1994)).

The Defendant was charged in this case with a single misdemeanor offense: Driving While Impaired. *Magis. Compl.* at 1. Because the charged offense is a misdemeanor, this factor does not weigh as strongly against dismissal with prejudice as it would in a felony prosecution. *See Aromin*, 2014 Guam 3 ¶ 23.

However, the Court does not evaluate seriousness by offense classification alone. The offense also involves public safety concerns due to the potential for harm to other drivers. Although the misdemeanor classification prevents this factor from weighing heavily against dismissal with prejudice, the particular circumstances of this case demonstrate that the offense is not trivial. Driving while impaired risks causing substantial harm—in fact, the People allege that the Defendant did cause severe, lasting injuries to a victim. *See* People's Submission at 3. The Defendant disputes the relevance of the alleged victim's injuries and argues that the People knew or should have known enough to charge any applicable offense earlier. Def.'s Submission at 3–4. The Court does not decide here whether the People can prove the later-filed felony charge, whether any injury evidence is admissible, or whether Defendant or the alleged victim caused the collision. Those issues, if raised, belong in CF0926-25. The issue here is simply whether the People's request to dismiss this misdemeanor case without prejudice was made in bad faith or under circumstances warranting dismissal with prejudice. On the present record, the answer is no.

Accordingly, the first *Aromin* factor is neutral and weighs neither for nor against the Defendant, nor for nor against the People. The charged offense is a misdemeanor, but the offense level must be balanced against the public safety nature of the alleged conduct and the injury suffered by the victim.

**B.    The facts and circumstances leading to the dismissal do not demonstrate bad faith, actual prejudice, or a speedy trial violation.**

The Court next considers the facts and circumstances that led to dismissal, including the length of delay, government conduct, and actual prejudice suffered by Defendant. *Aromin*, 2014 Guam 3 ¶ 21 & n.4. This factor is the central dispute in this case.

The Defendant asserted speedy trial on November 12, 2025. People's Submission at 2. Trial was scheduled for December 18, 2025. *Id.* The People moved to dismiss without prejudice on December 15, 2025, three days before the scheduled trial date. *Pre-Trial Conference Hr'g Mins. of 12/15/2025* at 10:57:31 AM to 10:58:38 AM. The Defendant argues that the timing of dismissal, the later felony indictment in CF0926-25, and the People's allegedly inconsistent explanations demonstrate bad faith. Def.'s Submission at 1–4. The Court notes that the People satisfied the deadlines set forth in the Court's Asserted Criminal Trial Scheduling Order with regard to the cutoff date for Witness Lists, Exhibit Lists, and Proposed Jury Instructions and Voir Dire.

The Court recognizes that the timing of dismissal warrants careful review. Section 80.70(a) requires the prosecutor to state reasons for dismissal, and the "leave of court" requirement exists to guard against prosecutorial harassment. 8 G.C.A. § 80.70(a); *Rinaldi*, 434 U.S. at 29 n.15; *Gutierrez*, 2005 Guam 19 ¶¶ 49, 57. But the present record does not establish the type of bad faith found in *Gutierrez* or *Salinas*.

In *Gutierrez*, the trial court initially granted dismissal without prejudice, then later changed the dismissal to one with prejudice after discovering that the People's stated reason for dismissal was inconsistent with objective facts. 2005 Guam 19 ¶¶ 8–9, 59–61. The Supreme Court of Guam emphasized the extraordinary procedural history in that case, including numerous indictments and superseding indictments, multiple dismissals, asserted speedy trial rights, and findings that the People's reindictments and dismissals amounted to harassment. *Id.* ¶¶ 59–61, 69–75. In *Salinas*, the government moved to dismiss immediately before the jury was sworn and later admitted that the true reason for dismissal was dissatisfaction with the selected jury. 693 F.2d at 352–53. The Fifth Circuit held that the government used dismissal to gain a tactical advantage after placing itself in an unfavorable position. *Id.* at 353. This case is materially different. The record reflects a single misdemeanor prosecution dismissed before trial—it does not reflect repeated cycles of charging, dismissal, and recharging described in *Gutierrez*.

The filing of later charges arising from the same incident does not, standing alone, establish bad faith or harassment. The Ninth Circuit has held that the government, provided it is not acting in bad faith, may dismiss an indictment without prejudice and later reindict based on the same or similar charges. *United States v. Hayden*, 860 F.2d 1483, 1487–88 (9th Cir. 1988). Likewise, the Seventh Circuit affirmed denial of a motion to dismiss a later indictment where the government had valid reasons for earlier dismissal and did not act in bad faith. *United States v. Palomares*, 119 F.3d 556, 559–60 (7th Cir. 1997). The later indictment in CF0926-25 therefore does not itself rebut the presumption of good faith.

The Defendant's assertion of speedy trial also does not require dismissal with prejudice in this case. The Magistrate's Complaint was filed on October 11, 2025. *Magistrate's Complaint* (Oct. 11, 2025). The Defendant was released from DOC on October 11, 2025. *Order for*

*Conditional Release and Appearance Bond* (Oct. 11, 2025). The Defendant asserted his right to a speedy trial on November 12, 2025. *Assertion of Speedy Trial Rights and Request for Jury of Twelve in Felony Case* (Nov. 12, 2025). The Court had until January 11, 2026, in which to bring the Defendant to trial pursuant to 8 GCA § 80.60. The Court scheduled the trial for December 18, 2025— well within and in advance of the expiration of the statutory speedy trial period. *See* 8 G.C.A. § 80.60(a)(3); People's Submission at 2. The People moved to dismiss on December 15, 2025, before that scheduled trial date. *Pre-Trial Conference Hr'g Mins. of 12/15/2025* at 10:57:31 AM to 10:58:38 AM.

Unlike *Gutierrez*, this record does not show that dismissal was used to evade an expired speedy trial deadline or to continue a pattern of repeated recharging after asserted speedy trial rights. *See Gutierrez*, 2005 Guam 19 ¶¶ 59–61, 69–75. In contrast, the People quickly moved to indict the Defendant just four days after the dismissal of this case. Additional offenses were charged, according to the People, because their investigation revealed new information. *See* People's Submission at 3. Furthermore, the People moved to dismiss the case well before the Defendant's speedy trial clock was set to expire on January 11, 2026. These circumstances do not reveal bad faith on the part of the People or an intent to gain a tactical advantage by circumventing speedy trial requirements.

The Defendant also has not shown actual prejudice. In *Aromin*, the Supreme Court of Guam approved the trial court's finding that the defendant had shown no actual prejudice where there were no suggestions that witnesses were unavailable, that exculpatory evidence was missing or deteriorated, or that the defendant had been "languishing in jail" awaiting the initiation of the case. *Aromin*, 2014 Guam 3 ¶ 24. In contrast, *Clymer* involved significant actual prejudice where

the defendant remained under the cloud of indictment for 522 days, was incarcerated for the entire pretrial period, and suffered a substantial Speedy Trial Act violation. 25 F.3d at 831–32.

Here, the Defendant was released at arraignment and remained released throughout this case. *Order of Conditional Release & Appearance of Bond* (Oct. 11, 2025); *Second Am. Asserted Crim. Trial Scheduling Order* (Nov. 14, 2025). The Defendant has not shown that the timing of dismissal caused witness unavailability, lost exculpatory evidence, deterioration of evidence, or impairment of his ability to defend against this charge or those that were later filed. *See Aromin*, 2014 Guam 3 ¶ 24; *Clymer*, 25 F.3d at 831–32. As previously discussed, his speedy trial rights were not jeopardized because the People dismissed the case well within the statutory time frame and a grand jury quickly reindicted him.

Accordingly, the second *Aromin* factor weighs against dismissal with prejudice. The Defendant has not rebutted the presumption of prosecutorial good faith, shown a speedy trial violation, or demonstrated actual prejudice.

## C.    Reprosecution would not adversely affect the administration of justice.

The final *Aromin* factor considers the impact of reprosecution on the administration of justice. *Aromin*, 2014 Guam 3 ¶ 21. This factor also weighs against dismissal with prejudice.

Dismissal with prejudice is a severe sanction because it bars the People from pursuing otherwise viable criminal charges. *See People v. Corpuz*, 2019 Guam 1 ¶ 27. By contrast, dismissal without prejudice is not "a toothless sanction," because it requires the People to obtain a new indictment if they decide to reprosecute, and may expose a future prosecution to statute of limitations or other procedural defenses. *Aromin*, 2014 Guam 3 ¶ 25 (quoting *Taylor v. United States*, 487 U.S. 326, 342 (1988)). In deciding whether dismissal should be with prejudice, the Court must account not only for the Defendant's interest in finality and fairness but also for the public's interest in the enforcement of criminal law. *See Gutierrez*, 2005 Guam 19 ¶ 68.

The administration of justice would not be served by dismissing this case with prejudice. The facts do not demonstrate the repeated cycle of dismissal and re-indictment that occurred in *Gutierrez*. It does not involve manipulation of the judicial process as described in *Salinas*. Nor does it involve the lengthy pretrial delay and incarceration present in *Clymer*. Instead, the record shows that the People sought dismissal before trial because further investigation was necessary and they did not have an available prosecutor for trial. *Pre-Trial Conference Hr'g Mins. of 12/15/2025* at 10:57:31 AM to 10:58:11 AM; People's Submission at 3. The Court finds that dismissal without prejudice adequately protects the Defendant's interests while preserving the public's interest in prosecution.

Accordingly, the third *Aromin* factor weighs against dismissal with prejudice.

**D.    Balancing the *Aromin* factors.**

After considering the *Aromin* factors, the Court finds dismissal without prejudice appropriate. The first factor is neutral. While the charge in this case is a misdemeanor, it involves public safety and the potential risk of significant harm. Furthermore, the specific facts of this case involved an allegedly serious injury. The second factor also weighs against dismissal with prejudice. The record does not establish bad faith, tactical manipulation, harassment, an expired speedy trial deadline, or actual prejudice. Finally, the third factor weighs against dismissal with prejudice. Dismissal without prejudice terminates this case while preserving the public interest in prosecution.

The Court therefore finds that the Defendant has not established that dismissal with prejudice is warranted.

//

//

## CONCLUSION

For the reasons set forth above, the People's Motion to Dismiss Without Prejudice is **GRANTED**.

**SO ORDERED** this 29th day of July, 2026.

**HONORABLE MARIA T. CENZON**
Judge, Superior Court of Guam